BrFMif, Judge.'
 

 No error, to the prejudice of the appellant, is perceived in the opinions of the judge of the Superior'Court, either upon the questions of evidence, or the instructions to the j ¡ary. Werethere nothing more in the case, the judgment would therefore be affirmed. -But the case states other
 
 facts,
 
 which the Court deems fatal to this proceeding.
 

 It is a
 
 scire facias
 
 under the act of 1806
 
 (Jlev.
 
 c. TOO) That, in its nature, is not an original, hut a derivative writ, dependent upon the continuing existence and obligation of the-record, to enforce which it issues. This statute, when giving it in the cases provided for in it, does not change or pervert its uses. The. act declares, that upon the plaintiff’s affidavit, that the defendant hath no visible property to satisfy Ms judgment, and suggésting'tliat he hath fraudulently conveyed it, to avoid or delay the payment of his just debts, or that" some other person is in possession of the property, and con -
 
 *29
 
 ceals it, tbe court, in which tbe judgment was rendered, may upon such judgment issue a
 
 scifa.
 
 to such person. If it be acknowledged or found, that property is held or claimed by such person,
 
 the court shall and may order
 
 “
 
 the same to he delivered up, or made subject to the judg-
 
 “
 
 merit of the plaintiff”
 
 If the effects be money, or have been used, wasted or destroyed ; then there is to be
 
 6‘judgment for the plaintiff against suck party”
 
 for the amount or value, to be ascertained by a jury.
 

 aljatés an 01.¡g¡! nal suit, abates ¡tiS a° interplea be-tiff anefa garni-shoe is abated by defendant in the attachment,
 

 „In a »'•/«• un-tilG 8.ct 01 1806,suggesting a fraudulent con-veyancc, & concealment of the tfhas^ecn wasted or used, .upon a verdict-
 
 *30
 
 ibi- the plaintiff, a personal judg-defendant is or-roneous.
 

 
 *29
 
 To warrant the
 
 sci.fa.
 
 it seems certain, that the first judgment must be in existence, and in full force. The
 
 sci. fa.
 
 is to he issued “
 
 upon
 
 any judgment.” But what renders it clear is, that in case the property be specific, and remaining in specie, there is to be no judgment for the debt, nor for tbe .value of the properly, but that it be delivered up, and made subject to the judgment. The judgment must then be in a state to warrant execution on it
 
 •,
 
 for without that, the property cannot be made subject to it. Here, the case states, that
 
 Hier,
 
 the original defendant, died in May, 1828, pending this suit upon
 
 scire facias-,
 
 and that no administration hath ever been taken on his estate. And
 
 I'Hntx,,
 
 the original plaintiff, Avas also dead, and his administrator liad not revived the judgment. The judgment was therefore dormant, when this case was tried below. No order for the delivery of the property could he effectual $ and therefore no such order could be properly made. . It is ana-logons to tbe death of the defendant in original attachment, after a collateral issue joined between the plaintiff and garnishee. Both proceedings aro dependent upon those original ones, out of which they have grown. The death of the party, or any other matter, Avhich is destructive to the principal suit, arrests the progress of that which is incident.
 

 If this were not so in a casewhere the suggestion Avas, *
 
 '-jkj
 
 that the party had the defendant’s money, or had used, Avasted, or destroyed his goods, it nevertheless must be , rr« /»*-o *j i • /» t i ' HO m tins ca.se. The amdavit and
 
 sa.Ja.
 
 here make no such suggestion ; but are restricted to a fraudulent
 
 con-veyancc of the property
 
 to
 
 Wehh,
 
 and a
 
 concealment
 
 by
 
 *30
 
 Mm ; and the jury find, that lie held
 
 or
 
 used
 
 Wier's
 
 property ■ (without saying what in particular) to the value of
 
 $
 
 900. There was therefore no authority to give judgment against
 
 Webb, personally;
 
 but only the first judgment prescribed in the act. An absolute judgment against
 
 Webb
 
 for the plaintiff’s debt ivas given ; which,, *01' this reason, was erroneous, even if the judgment, against
 
 Wier
 
 had then remained in full force. But after the death of both the parties to the original suit, no further-step could -be taken, until that was revived by the administrator of the original plaintiff against the administrator of the original defendant. This proceeding is subsidiary to the first judgment, and died with it. The whole had abated.
 

 Per Curiam. — Judgment be versed-